[Civ. No. 8447.   Second Appellate District, Division One.—January 14, 1935.]

E. J. PHILLIPS, Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant.

Joseph Musgrove, Fred O. McGirr, Edmund Nelson and G. L. Berrey for Appellant.

Arnold Praeger for Respondent.

YORK, J.—Judgment was rendered against the defendant upon the theory—which was the alleged cause of action—that it had unlawfully converted a sprinkler system to its own use, and the judgment was rendered by the trial court solely upon that ground.

▉▉ The finding made by the trial court to that effect is not sustained by the evidence, and the matter discussed at great length in the briefs, as to whether the sprinkler system, which was installed on the property in question, was personal property or had become real property by reason of its having been affixed to the realty, becomes immaterial, since the form of deed given by defendant, by which it divested itself only of such title as it actually owned, was a quitclaim deed of the realty only, and *all* the rights which the plaintiff had in the personal property—if it was personal property—before the execution of the deed, were retained by him, unaffected by the making of the deed. The alleged conversion has no foundation in the evidence; and none is claimed, except by reason of the execution of said deed.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 13, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 14, 1935.